## Packard Building & Loan Association *v.* Kolman, Admrx. et al., Appellants.

564

Argued April 25, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel Englander,* for appellants.

*James R. Wilson,* with him *William J. Wilson,* for appellee.

PER CURIAM, June 29, 1935:

These appeals by Rebecca Kolman and Robert Kolman, defendants in a foreclosure proceeding, are from the ac-

tion of the court below in making absolute a rule for judgment for want of a sufficient affidavit of defense to a scire facias sur mortgage. Appellants contend, in effect, that the court should afford them relief because the default on the mortgage payments was occasioned by the economic and financial depression which lowered the rental value of the property. Needless to say this argument fails to present a valid legal defense.

The following extract from the opinion of the court below accurately describes the situation presented by this record and is herewith adopted by us as sufficient reason for affirming the judgment: "We have examined the record carefully to see if there was any conduct on the part of the mortgagee which ensnared the mortgagor, but this we cannot find. It does not appear that there was a course of action on the part of the mortgagee which prevented the mortgagors from obtaining the funds necessary for payments, or which would have been received but for the conduct of the mortgagee. Nor does it appear that the property covered by the proceeding is the actual dwelling house or home of the defendants. The best we can say for the affidavit of defense is that it expresses defendants' opinion that if the mortgagee properly managed the property without proceeding to a sheriff's sale, or permitted the defendants to properly manage the real estate, the plaintiff mortgagee would be in as advantageous a position as if it sued out the mortgage, whereas the defendants aver they will be in a worse position if the mortgagee is permitted to sue out the mortgage. But they do not set forth in the affidavit sufficient facts from which we could make that deduction, and, if we could, we do not think it constitutes a defense."

Judgment affirmed.